stated, it is unnecessary to consider the question as to the alleged negligence of the driver.

The judgment is affirmed.

## Vogt's Estate.

Argued April 23, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Gabriel D. Weiss,* with him *Henry Arronson,* for appellant.—A decree of the court and award of distribution pursuant thereto are res judicata not merely as to the principal of the fund and accrued income which is the subject of the decree but also as to income subsequently accruing on the fund: Gould's Est., 270 Pa. 535; Channon's Est., 28 Pa. Dist. R. 479; McCown's Est., 221 Pa. 324.

Legacies bear no interest until the time they become payable by the terms of the bequest, i. e., when they become due and demandable: Twell's Est., 11 Pa. Dist. R. 713; Lynch's App., 12 W. N. C. 104; Lewis's Est., 52 Pitts. L. J. 367; Hermann's Est., 220 Pa. 52; Gunning's Est., 234 Pa. 148; Eichelberger's Est., 170 Pa. 242; Wright's App., 113 Pa. 621; Hoskinson's Est., 268 Pa. 447.

The legacies to Mrs. Stang and Mrs. Storm are upon a condition precedent and interest will not run until

the performance of the condition: Yost's Est., 134 Pa. 426; Laporte v. Bishop, 23 Pa. 152.·

The direction that the $10,000 legacies should not be paid until all the debts had been fully collected was equivalent to a direction to the executrix not to pay until that time: Engles's Est., 167 Pa. 463; Langendorfer's Est., 8 Pa. Dist. R. 273; Stockdale's Est., 2 Pa. Dist. R. 577.

The rule is that if contingency is annexed to the legacy, it does not vest until the contingency arises: Grothe's Est., 237 Pa. 262.

*Theodore S. Paul,* with him *Pepper, Bodine, Stokes & Schoch,* for appellees.—It is well established in this state that interest in cases where properly payable is not defeated by the mere fact that the legacy could not be paid until long after testator's death: Pearson's Est., 251 Pa. 612; Eichelberger's Est., 170 Pa. 242; O'Leary's Est., 255 Pa. 521; Page's App., 71 Pa. 402.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 13, 1929:

The will of Frederick G. Vogt, who died July 25, 1920, provided by item 5: "All the rest, residue and remainder of my estate......, I give......as follows: (A) One-third thereof to my beloved wife, Sophie Christine Vogt, absolutely. (B) Out of the remaining two-thirds of my estate, and only in the event that all monies due and owing to me shall have been fully collected by my executrix hereinafter mentioned, there shall be paid to my daughters, Emma P. Stang and Sophie R. Storm, the sum of ten thousand dollars each. (C) All the rest, residue and remainder of the aforesaid two-thirds......, I give and devise unto my executrix and trustee hereinafter named or her successor, in trust nevertheless for the uses and purposes and with the powers following: In trust to pay over the net income from time to time unto my beloved wife, Sophie Vogt, during her life, or

as long as she remains my widow, and does not re-marry. Upon her decease or re-marriage then I order and direct that the said trust shall come to an end, and the principal of said trust estate shall be equally divided between my children, Clara E. Guckes, Hildegard M. Vogt, John C. Vogt and Alfred B. Vogt." These remaindermen assigned their interests to the widow.

At. the time of testator's death, his personal estate amounted to $66,419.87, of which $63,000 represented the face value of notes given by certain of his sons; none of these obligations was then due, and the last of them was not to become due till February, 1928. All were collected in full, with interest at 6%, the final ones being paid February 14, 1928.

At the audit, the legacies of $10,000 each were awarded to testator's two daughters, Mrs. Stang and Mrs. Storm, the appellees. The court below also gave them interest from the date of testator's death. The award of this interest is the subject in controversy on the present appeal.

Appellant, the executrix and widow of testator, contends that the legacies to appellees bore interest only from February, 1928, when the last note to the estate was paid. Appellees contend that the allowance of interest from the date of the death of testator was proper as a matter of law, under section 21 of the Fiduciaries Act of June 7, 1917, P. L. 447, 488, which provides that, "where a pecuniary legacy is bequeathed to or for the use of......any child or descendant of the testator ......, interest shall, unless a contrary intention appear by the will, begin to run from the date of the death of the testator."

The legislative provision just quoted renders unavailing a vast amount of legal learning, and in effect overrules many prior decisions dependent upon common law principles; for the statute provides in plain words that whenever a child is given a legacy, interest shall run from the date of the death of the testator "unless a con-

trary intention appear by the will." In deciding whether a contrary intention appears, every relevant part of the will must be considered, and the burden is on the one who asserts such an intention to show it; for, by this statute, changing the common law rule, the child has a legal right to interest from the date of. the death of testator, without regard to the state of dependency of such legatee or whether he is a minor or an adult.

We agree with the court below that, under this new act, the mere fact that a legacy is contingent or conditional is not conclusive evidence of an intention on the part of a testator that interest should not run from the date of his death; and, in the present case, the fact that the legacy is conditional by no means shows that testator, who wrote his will several years after the passage of the Act of 1917, intended that the statutory rule as to interest there laid down should not apply. It is not necessary to rule, and we do not, that, since the Act of 1917, a contingent bequest to a child will always carry interest from the date of the death of testator; for there may be cases where the very words of the bequest, or something else in the will, demonstrates a contrary intent. We do decide, however, that the mere fact of a bequest being conditional does not necessarily deprive legatees from claiming interest in accordance with the provisions of the statute, where, as here, no contrary intention appears in the will.

The opinion of Judge GEST, speaking for the court below in banc, so fully covers the majority of the legal points in this case that we shall quote liberally therefrom. That opinion states: "The legacies [here in question] are given......'only in the event that all moneys due and owing to me shall have been fully collected by my executrix.' This legacy, it is true, is conditional, and [ordinarily] interest would begin to run only when the executrix had fully collected all the moneys due [the estate, and the legacy thereby became payable]; but, as [the gift is] to children and the will is silent concerning interest, it cannot be said......the '......in-

tention [that interest shall not be payable from the statutory date,—"the death of testator,"—] appears by the will.'...... The mere fact that the legacies are given conditionally is not in our opinion sufficient in itself to take the case out of the......statute. Interest on a legacy is allowed [not only] by way of compensation ......for the nonpayment of [principal] after it is due, [but also] where the interest results from the relationship of the testator and the legatee, in accordance with his presumed intent; and [now] this presumption is expressed in the general language of the statute. But whatever doubt might arise from the conditional character of the legacies in the present case, [if such conditional character were accepted] as indicative of a 'contrary intention appearing by the will,' is removed by consideration of its further provisions......, the debts due to the testator by his sons were payable with interest, as the testator must have known, and interest was [in fact] paid on them at the rate of 6%. If the [appellees] are denied interest on their legacies, the interest paid on the notes must either be payable to the [widow], as she claims, or we must hold that the testator died intestate with respect to it. The latter construction is impossible, as the testator plainly intended to dispose of his whole estate, while the former would be inconsistent with the provision made for the widow ......in his will; for......testator, in disposing of the residuary estate, gives to the widow only the net income of two-thirds of the principal of the estate after the payment of the pecuniary legacies. The auditing judge, in his adjudication, well said : 'The testator does not condition the gifts to the daughters on the time when, but on the fact that, all moneys have been collected. Unless that event occurs the daughters get nothing; but, as clearly, the testator directs payment to them of their legacies, if the event does occur. The will does not disclose that the testator intended that the gifts were to be paid out of any particular moneys collected, but out of

two-thirds of the residue when all moneys due had been gathered in.' "

We note, but cannot sustain, appellant's contention that no intestacy could result from the provisions of this will because, under a well-established line of decisions, the interest in controversy would fall into the residuary estate and be taken by the widow. The decisions relied on were not made in cases like the present, where the extent of the residuary estate to be enjoyed by appellant is so limited by the will itself as to exclude the payment to her of the interest in controversy. As stated by the court below, appellant is only to receive "all the rest, residue and remainder" of the income from so much of testator's estate as may be on hand after other bequests provided for by him are taken care of, including among these bequests the legacies of $10,000 each to the two appellees. If appellant were to receive interest on this sum of $20,000, it would be contrary to the intent of the will; hence the authorities relied on by her do not govern.

Counsel for appellant wrote a learned brief, which we have studied with interest, but it would serve no useful purpose to discuss the various points urged therein; a sufficient general answer is that they fail to give full effect to the Fiduciaries Act of 1917. Of the authorities relied on by appellant not one was decided under that statute, the plain words of which sustain the award to appellees.

In conclusion it may be stated that there is nothing on the record to sustain appellant's suggestion that appellees' claim to the interest here in controversy should have been held res judicata because not made at a former audit: see article on Res Judicata in 37 Yale Law Journal 299, 332.* Moreover, that point is not raised in any manner by assignment of error.

The award appealed from is affirmed at cost of appellant.

---

* Reprinted in Chief Justice MOSCHZISKER's volume of Legal Essays.